# EXHIBIT A

DAVID R. FISHER, ESQ. (SBN 119773)
JEFFREY R. KLEIN, ESQ. (SBN 273310)
**FISHER, KLEIN & WOLFE, LLP**
9401 Wilshire Boulevard, Suite 640
Beverly Hills, California 90212-2913
Telephone:    (310) 278-4300
Facsimile:    (310) 278-5430
E-mail: drf@fisherwolfe.com
E-mail: jrk@fisherwolfe.com

Attorneys for Plaintiff BANGERBUDDY, LLC

Electronically
FILED
by Superior Court of California, County of San Mateo
ON 3/3/2022
By /s/ Una Finau
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN MATEO, SOUTHERN BRANCH**

| | |
|---|---|
| BANGERBUDDY, LLC, a New Jersey Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>INSTAGRAM, LLC, a Delaware Limited Liability Company; META PLATFORMS, INC., a Delaware Corporation; and DOES 1-20,<br><br>Defendants. | CASE NO.: 22-CIV-00931<br>[Unlimited Jurisdiction]<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br><br>**(2) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br><br>**(3) UNFAIR BUSINESS PRACTICES (*BUS. & PROF. CODE, SECTION 17200*); AND**<br><br>**(4) REQUEST FOR INJUNCTIVE RELIEF** |

**COMES NOW** Plaintiff BANGERBUDDY, LLC, a New Jersey Limited Liability Company ("Plaintiff"), and hereby alleges and complains for its Complaint against Defendants INSTAGRAM, LLC ("Instagram") and META PLATFORMS, INC. (individually, "Meta" and collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1.   This Court has subject matter jurisdiction of the claims in this Complaint, which are all based upon violations of California law, and the amount in controversy exceeds the jurisdictional minimum of this Court.

2.   This Court has personal jurisdiction over Meta and Instagram because their corporate headquarters and principal places of business are in California. The Court also has specific personal

1. jurisdiction over Defendants because they have sufficient minimum contacts with California, have purposely availed themselves of California's benefits and protection, and do a substantial amount of business in California, such that the Court's exercise of jurisdiction over Defendants is reasonable and wholly consistent with traditional notions of fair play and substantial justice.

3. Venue is proper in San Mateo County under *California Code of Civil Procedure sections 395 and 395.5* because Defendants' principal places of business are located in San Mateo County and they perform substantial amounts of business in San Mateo County, and because a substantial part of the events, omissions, and transactions complained of herein occurred in this County.

## PARTIES

4. Plaintiff, Bangerbuddy, LLC, is a New Jersey Limited Liability Company with its principal place of business located in Miami, Florida.

5. Defendant, Meta Platforms, Inc., upon information and belief, is a corporation whose articles of incorporation are filed in the State of Delaware, with its principal executive offices located at 1601 Willow Rd., Menlo Park, California 94025.

6. Defendant, Instagram, LLC, upon information and belief, is a limited liability company whose articles of incorporation are filed in the state of Delaware, with its principal executive offices located at 1601 Willow Rd., Menlo Park, California 94025.

## STATEMENT OF FACTS

7. Plaintiff operates a highly success lifestyle brand under the name "Banger Buddy" which has been recognized as one of the fastest growing platforms for providing user-friendly content and entertainment to its millions of followers. Plaintiff provides content and goods such as news, media, clothing and music, and has worked with world-class influencers and notable celebrities.

8. Plaintiff's business uses social media accounts and relationships with social media users to advertise and promote the business.

9. Plaintiff operates its Instagram accounts under the names of "@bangerbuddy", "@bangerbuddyevents" and "@nickfilchy" (collectively, the "Accounts") for the purpose of advertising and promoting its business.

///

10. Additionally, Plaintiff had contracts with Instagram users to post content that would draw attention to Plaintiff's business and products and drive online traffic to Plaintiff's Accounts.

11. Plaintiff further has ongoing contractual relationships with clients such as Fashion Nova, and Gel Blaster, LLC, among many others, which have engaged the Plaintiff to post advertisements on its Accounts to promote their respective products.

12. Plaintiff has invested hundreds of thousands of dollars into marketing and advertising in order to augment its follower base for the Accounts, which has been the backbone for Plaintiff's success.

13. Upon information and belief, Defendant Instagram is a social media service which is owned by Defendant Meta Platforms, Inc.

14. Defendants provide specific terms and conditions within which its users are required to operate.

15. Despite the fact that none of Plaintiff's Accounts have been in violation of Defendants' terms and conditions, Plaintiff's Accounts have been continually taken down or suspended, allegedly in violation of Defendants' terms and conditions of use.

16. Defendants' decision to take down or suspend Plaintiff's Accounts has disrupted, or wholly precluded Plaintiff's ability to fulfill its contractual obligations and to advertise and promote its business.

17. On multiple occasions, Plaintiff engaged with Defendants' staff and employees in attempts to reactive its Accounts and confirm that there was no legitimate violation of Defendants' terms and conditions of use. Plaintiff further advised that it was the victim of extortionate tactics by other Instagram users who were sending baseless notices to the Defendants to harm the Plaintiff, to which the Defendants unfortunately acceded. Indeed, Instagram is fraught with users who perpetrate a business model whereby they "spam" violation notices to the Defendants in order to secure a deactivation of the Accounts (among many others), and then demand large sums of money in order to secure their reactivation, or, avoid future takedowns.

18. During conversations with Defendants' staff and employees Plaintiff made clear the existence of its contracts and business relationships with third-parties that were being disrupted, and

the fact that the suspension of its Accounts had adversely affected its ability to fulfill and continue these contracts and relationships.

19. Despite Plaintiff's repeated notices, Defendants either (a) failed and refused to reactive the Accounts, or (b) eventually reactivated the Accounts, and then subsequently suspended them once again within a matter of hours.

20. Plaintiff is informed and believes, and based thereon alleges, that certain individuals who have engaged in the deactivation of its Accounts have access to Defendants' employees who will assist them in ensuring that the suspension is lifted, presumably in exchange for a kickback in the event an affected user such as the Plaintiff pays the ransom being demanded.

21. Notwithstanding months of engagement by the Plaintiff, Defendants arbitrarily continued to suspend Plaintiff's Accounts, essentially aiding and abetting the extortionate tactics of the users who were threatening (and following through on their threats) to initiate a suspension of Plaintiff's Accounts.

22. Defendants have arbitrarily suspended and deactivated Plaintiff's Accounts while enforcing its terms and conditions of use in a non-neutral manner. Indeed, Plaintiff alleges on information and belief that the Defendants provide preferential treatment for celebrities and other users whose accounts are assuredly subject to the same forms of attacks, but which are not being arbitrarily suspended or deactivated by the Defendants on a weekly basis.

23. To date, Plaintiff has lost three and a half (3.5) months of marketing deals with its client, Fashion Nova, and has been repeatedly precluded from fulfilling its contractual obligations to other clients as a result of Defendants' misconduct and prejudicial treatment of the Plaintiff. This has resulted in approximately $70,000.00 per month in lost revenue, for a total of approximately $250,000.00 in lost revenue to date.

24. Plaintiff has further been required to refund various sums to its clients because it could not provide advertising due to the suspension of its Accounts.

25. Due to Defendants' misconduct, Plaintiff's previous growth and trajectory have been derailed. Indeed, as a direct result of Defendants' actions, Plaintiff has been unable to launch its clothing line, unable to grow its audience base, lost industry credibility and lost thousands of potential clients

Fisher, Klein & Wolfe, LLP

1  and customers to its competitors.

2      26.    Plaintiff is further unable to enter into future contracts with third-parties due to the fact that it is incapable of confirming that its Accounts will be active, and that it will have the capability of fulfilling its contractual obligations. This has resulted in the loss of at least $250,000.00, subject to proof at the time of trial.

    27.    Plaintiff's staff have also been adversely impacted. Due to the financial losses resulting from Defendants' conduct, Plaintiff has been forced to terminate employees, or, engage them in a substantially diminished capacity.

    28.    Defendants' arbitrary behavior is willful, intentional and has prevented Plaintiff from the legal, permissible use of its Accounts to promote, advertise and operate its business, causing damages to the Plaintiff.

## FIRST CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage)

### (Against All Defendants)

    29.    Plaintiff hereby realleges and incorporates by reference each of the allegations of all Paragraphs above, as though fully set forth at length in this Cause of Action.

    30.    Plaintiff alleges that Defendants' conduct, as alleged above intentionally and willfully disrupted Plaintiff's prospective economic advantage in maintaining its business relationships with Instagram accounts and users "Fashion Nova", "Gel Blaster, LLC", among others, and maintaining a consistent stream of clients and revenue.

    31.    Plaintiff alleges that it was in an economic relationship with Instagram accounts and users that would have resulted in economic benefit to Plaintiff.

    32.    Plaintiff alleges that Defendants knew of the economic relationship between Plaintiff and Instagram accounts and users Fashion Nova, Gel Blaster, LLC, and others, subject to proof.

    33.    Plaintiff alleges that Defendants engaged in the arbitrary, intentional, and wrongful act of suspending or deactivating Plaintiff's accounts.

    34.    Plaintiff alleges that by engaging in this conduct, Defendants intended to disrupt the relationships or knew that disruption of the relationships was certain or substantially certain to occur

as a result of Defendants' wrongful acts

35. Plaintiff alleges that the Plaintiff's business relationships were disrupted, that Plaintiff was harmed, and that Defendants' conduct was a substantial factor in causing the harm.

36. As a direct, proximate, and foreseeable result of Defendants' arbitrary and wrongful conduct as alleged above, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $250,000.00. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of damages when they have been ascertained.

37. Plaintiff alleges that Defendants have acted with malice and intent and have deliberately and intentionally caused economic harm to Plaintiff with full knowledge of the wrongfulness of Defendants' conduct. Plaintiff further alleges that Defendants' conduct was arbitrary, despicable, carried out by Defendants with a willful and conscious disregard for Plaintiffs rights, and subjected Plaintiff to unjust hardship. Therefore, Plaintiff should be awarded punitive and exemplary damages sufficient to punish Defendants for engaging in this wrongful conduct and to deter similar conduct on their part in the future.

38. Plaintiff believes and alleges that Defendants' arbitrary and illegal acts as described above are a serious and continuing threat to Plaintiff's financial well-being and industry credibility. If Defendants are allowed to continue their wrongful acts, Plaintiff will suffer further immediate and irreparable injury, loss, and damage. Plaintiff is further informed and believes, and based thereon alleges that, in the absence of preliminary and permanent injunctions as prayed for below Defendants will continue to violate Plaintiff's rights by engaging in the conduct alleged above.

## SECOND CAUSE OF ACTION

**(Intentional Interference with Contractual Relations)**

**(Against All Defendants)**

39. Plaintiff hereby realleges and incorporates by reference each of the allegations of all Paragraphs above, as though fully set forth at length in this Cause of Action.

40. Plaintiff alleges that, at all times relevant herein, Defendants were aware of and had knowledge of Plaintiff's contractual relationships with Instagram accounts and users.

///

41. Plaintiff alleges that by Defendants' arbitrary, unjustified and unprivileged conduct, as alleged above, Defendants intended to and did in fact disrupt the contractual relationships between Plaintiff and Instagram accounts and users Fashion Nova, Gel Blaster, LLC, and others, subject to proof.

42. Plaintiff alleges that there were contractual agreements between Plaintiff and Instagram accounts and users Fashion Nova, Gel Blaster, LLC, and other subject to proof. Plaintiff alleges that Defendants knew of these contractual agreements between Plaintiff and Instagram accounts and users.

43. Plaintiff alleges that Defendants' arbitrary and wrongful conduct prevented performance of the contractual agreements.

44. Plaintiff alleges that Defendants intended to disrupt the performance of this contractual agreement or knew that disruption of performance was certain or substantially certain to occur.

45. Plaintiff alleges that that it was harmed and that Defendants' conduct was a substantial factor in causing Plaintiffs harm.

46. As a direct, proximate, and foreseeable result of Defendants' arbitrary and wrongful conduct as alleged above, Plaintiff has suffered damages in an amount to be proven at trial, but no less than $250,000. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of damages when they have been ascertained.

47. Plaintiff alleges that Defendants have acted with malice and intent and have deliberately and intentionally caused economic harm to Plaintiff with full knowledge of the wrongfulness of Defendants' conduct. Plaintiff further alleges that Defendants' conduct was arbitrary, despicable, carried out by Defendants with a willful and conscious disregard for Plaintiffs rights, and subjected plaintiff to unjust hardship. Therefore, Plaintiff should be awarded punitive and exemplary damages sufficient to punish Defendant for engaging in this wrongful conduct and to deter similar conduct on their part in the future.

48. Plaintiff believes and alleges that Defendants' arbitrary and illegal acts as described above are a serious and continuing threat to Plaintiffs financial well-being and industry credibility. If Defendants are allowed to continue its wrongful acts, Plaintiff will suffer further immediate and irreparable injury, loss, and damage. Plaintiff is further informed and believes, and based thereon

Fisher, Klein & Wolfe, LLP

alleges that, in the absence of preliminary and permanent injunctions as prayed for below Defendants will continue to violate Plaintiffs rights by engaging in the conduct alleged above.

### THIRD CAUSE OF ACTION

### (Violation of Business and Professions Code, Section 17200, et seq.)

### (Against All Defendants)

49. Plaintiff hereby realleges and incorporates by reference each of the allegations of all Paragraphs above, as though fully set forth at length in this Cause of Action.

50. Defendants' acts, omissions, policies and practices set forth above constitute unfair competition, in violation of section 17200 et seq. of the California Business and Professions Code. Defendants' business practices as alleged above constitute unlawful, unfair and/or fraudulent business practices within the meaning of Section 17200 et seq. of the Business and Professions Code.

51. Among other things, Defendants' business practices are unfair because they are injurious and/or their utility is outweighed by the harm caused. Despite the fact that none of Plaintiff's Accounts violate Defendants' terms and conditions, Plaintiff's Accounts have been continually taken down or suspended. Defendants' decision to take down or suspend Plaintiffs accounts disrupted Plaintiff's ability to fulfill its contractual obligations and to advertise and promote its business. Defendants' refusal to enforce its terms in a consistent and neutral manner result in the disparate treatment of users such as the Plaintiff. Defendants' misconduct is necessary to allow the continued extortionate acts of its users as alleged herein.

52. Defendants' targeting and suspension of Plaintiff's Accounts was arbitrary and made without justification.

53. These unlawful and unfair business practices are likely to continue and present a continuing threat to the public, including all other users of Instagram who are not given preferential treatment. Therefore, Plaintiff requests a permanent injunction pursuant to Business and Professions Code Section 17203 to enjoin and refrain Defendants from continuing its unfair business.

/ / /

/ / /

/ / /

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff requests:

1. For compensatory damages, including general and special damages, according to proof, in the amount not less than $250,000.00;

2. For a temporary injunctive relief, pending this litigation, barring Defendants and their agents, employees, assigns, and representatives, from arbitrarily and improperly suspending or deactivating Plaintiff's Instagram Accounts;

3. For a preliminary and permanent injunctive relief, barring Defendants and their agents, employees, assigns, and representatives, from arbitrarily and improperly suspending or deactivating Plaintiff's Instagram Accounts; and

4. For punitive and exemplary damages, according to proof at trial;

5. For prejudgment interest at the maximum legal rate;

6. For costs of suit incurred herein;

7. For attorney's fees as permitted by law; and

8. Any further relief which the Court may deem appropriate.


Dated:  March 3, 2022              **FISHER, KLEIN & WOLFE, LLP**
                                    **JEFFREY R. KLEIN**


                                    By: _____
                                    **Attorneys for Plaintiff Bangerbuddy, LLC**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INSTAGRAM, LLC., a Delaware Limited Liability Company; META PLATFORMS, INC., a Delaware Corporation; and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BANGERBUDDY, LLC, a New Jersey Limited Liability Company

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by Superior Court of California, County of San Mateo
ON 3/3/2022
By /s/ Una Finau
Deputy Clerk

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Mateo Superior Court, Southern Branch, Hall of Justice and Records
400 County Center, Redwood City, CA 94063

**CASE NUMBER:** *(Número del Caso):*
22-CIV-00931

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey R. Klein, Esq. (SBN 273310), Fisher, Klein & Wolfe, LLP, 9401 Wilshire Blvd., Ste. 640, Beverly Hills, CA 90212, 310-278-4300

DATE: 3/3/2022         Neal I. Taniguchi Clerk, by  /s/ Unaloto Finau , Deputy
*(Fecha)*                              *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

---


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jeffrey R. Klein, Esq. (SBN 273310) Fisher, Klein & Wolfe, LLP<br>9401 Wilshire Boulevard, Suite 640, Beverly Hills, CA 90212-2913<br>TELEPHONE NO.: 310-278-4300  FAX NO. (Optional): 310-278-5430<br>E-MAIL ADDRESS: jrk@fisherwolfe.com<br>ATTORNEY FOR (Name): Plaintiff Bangerbuddy, LLC | **Electronically FILED** by Superior Court of California, County of San Mateo ON 3/3/2022 By /s/ Una Finau Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch - Hall of Justice and Records

CASE NAME:
Bangerbuddy, LLC v. Instagram, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22-CIV-00931 |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [x] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Three (3)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 3, 2022
Jeffrey R. Klein, Esq.
(TYPE OR PRINT NAME)  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property Damage/Wrongful Death
    Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/ Wrongful Death
    Product Liability *(not asbestos or toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice– Physicians & Surgeons
        Other Professional Health Care Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip and fall)
        Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
        Intentional Infliction of Emotional Distress
        Negligent Infliction of Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
        Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/ Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
        Confession of Judgment *(non-domestic relations)*
        Sister State Judgment
        Administrative Agency Award *(not unpaid taxes)*
        Petition/Certification of Entry of Judgment on Unpaid Taxes
        Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-harassment)*
        Mechanics Lien
        Other Commercial Complaint Case *(non-tort/non-complex)*
        Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition



| | |
|---|---|
| **SUPERIOR COURT OF SAN MATEO COUNTY**<br>Civil Division<br>400 County Center, 1st Floor, Room A Redwood City, CA 94063<br>(650) 261-5100<br>www.sanmateocourt.org | FOR COURT USE ONLY<br>**FILED**<br>SAN MATEO COUNTY<br>3/3/2022<br>**Clerk of the Superior Court**<br>/s/ Unaloto Finau<br>DEPUTY CLERK |
| PETITIONER/PLAINTIFF:  **BANGERBUDDY, LLC, A NEW JERSEY LIMITED LIABILITY COMPANY** | |
| RESPONDENT/DEFENDANT:  **INSTAGRAM, LLC, A DELAWARE LIMITED LIABILITY COMPANY; META PLATFORMS, INC., A DELAWARE CORPORATION; DOES 1-20** | |
| **NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**22-CIV-00931** |

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Robert D Foiles** in **Department 21.**

**An Initial Case Management Conference is set before the Civil Commissioner, as follows:**
**DATE: 7/5/2022**
**TIME: 10:00 AM**
**LOCATION: 1050 Mission Road, South San Francisco, CA 94080**

APPEARANCES SHALL BE REMOTE ONLY.  Please visit our website at for information on remote appearances: https://www.sanmateocourt.org/general_info/remote_appearance.php

---

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateocourt.org/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Robert D Foiles | 650-261-5121 | Dept21@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference.  The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
    a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
    b) Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
    c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.

   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

### CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court or ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 3/3/2022

Neal I Taniguchi, Court Executive Officer/Clerk

By: /s/ Unaloto Finau
Unaloto Finau, Deputy Clerk

Notice being served on:

DAVID R FISHER
FISHER KLEIN & WOLFE LLP
9401 WILSHIRE BOULEVARD, SUITE 640
BEVERLY HILLS CA  90212-2913

| Attorney or Party without Attorney:<br>DAVID R. FISHER (SBN 119773)<br>FISHER & WOLFE, LLP<br>9401 Wilshire Blvd., Suite 640<br>Beverly Hills, California, 90212<br>Telephone No: 310-278-4300<br>Attorney For: Plaintiff BANGERBUDDY, LLC | | Ref. No. or File No.: | | | For Court Use Only<br>Electronically **FILED**<br>by Superior Court of California, County of San Mateo<br>ON 3/10/2022<br>By /s/ Kenneth Wong<br>Deputy Clerk |
|---|---|---|---|---|---|
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SAN MATEO, SOUTHERN BRANCH | | | | | |
| Plaintiff: BANGERBUDDY, LLC, a New Jersey Limited Liability Company<br>Defendant: INSTAGRAM, LLC, a Delaware Limited Liability Company; et al. | | | | | |
| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22-CIV-00931 | |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons, Complaint; Civil Case Cover Sheet; Notice Of Assignment For All Purposes (Civil) And Notice Of Case Management Conference; Case Management Statement; ADR Stipulation and Evaluation Instructions; Stipulation And Order To Appropriate Dispute Resolution

3. a. Party served: INSTAGRAM, LLC, a Delaware Limited Liability Company
   b. Person served: Lynanne Gares, Litigation Management, Corporation Service Company, Registered Agent

4. *Address where the party was served:* 251 Little Falls Dr, Wilmington, DE 19808

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, Mar 09 2022 (2) at *(time)*: 11:55 AM
   (1) [X] (business)
   (2) [ ] (home)
   (3) [ ] (other):

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: INSTAGRAM, LLC, a Delaware Limited Liability Company
       under the following Code of Civil Procedure section:
       [ ] 416.10 (corporation)           [ ] 415.95 (business organization, form unknown)
       [ ] 416.20 (defunct corporation)   [ ] 416.60 (minor)
       [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
       [ ] 416.40 (association or partnership)       [ ] 416.90 (authorized person)
       [ ] 416.50 (public entity)         [ ] 415.46 (occupant)
       [X] other: Limited Liability Company



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE SUMMONS

6784757
(4919072)
Page 1 of 2

| Attorney or Party without Attorney:<br>DAVID R. FISHER (SBN 119773)<br>FISHER & WOLFE, LLP<br>9401 Wilshire Blvd., Suite 640<br>Beverly Hills, California, 90212<br>  Telephone No: 310- 278-4300<br>  Attorney For: Plaintiff BANGERBUDDY, LLC | | | Ref. No. or File No.: | | For Court Use Only |
|---|---|---|---|---|---|
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SAN MATEO, SOUTHERN BRANCH | | | | | |
| Plaintiff: BANGERBUDDY, LLC, a New Jersey Limited Liability Company<br>Defendant: INSTAGRAM, LLC, a Delaware Limited Liability Company; et al. | | | | | |
| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22-CIV-00931 | |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
    a. Name: John Garber
    b. Address: **FIRST LEGAL**
       1517 W. Beverly Blvd.
       LOS ANGELES, CA 90026
    c. Telephone number: (213) 250-1111
    d. **The fee** for service was: $190.70
    e. I am:
       (1) [X] not a registered California process server.
       (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
       (3) [ ] a registered California process server:
              (i) [ ] owner [ ] employee [ ] independent contractor
              (ii) Registration No:
              (iii) County:

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

03/09/2022                          _John Garber_ (signature)
(Date)                                John Garber

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE SUMMONS

6784757
(4919072)
Page 2 of 2

| Attorney or Party without Attorney:<br>DAVID R. FISHER (SBN 119773)<br>FISHER & WOLFE, LLP<br>9401 Wilshire Blvd., Suite 640<br>Beverly Hills, California, 90212<br>Telephone No: 310- 278-4300<br>Attorney For: Plaintiff BANGERBUDDY, LLC | | Ref. No. or File No.: | | | For Court Use Only<br>Electronically **FILED**<br>by Superior Court of California, County of San Mateo<br>ON 3/10/2022<br>By /s/ Kenneth Wong<br>Deputy Clerk |
|---|---|---|---|---|---|
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SAN MATEO, SOUTHERN BRANCH | | | | | |
| Plaintiff: BANGERBUDDY, LLC, a New Jersey Limited Liability Company<br>Defendant: INSTAGRAM, LLC, a Delaware Limited Liability Company; et al. | | | | | |
| **PROOF OF SERVICE SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22-CIV-00931 | |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; Complaint; Civil Case Cover Sheet; Case Management Statement; Notice Of Assignment For All Purposes (Civil) And Notice Of Case Management Conference; Appropriate Dispute Resolution Information Sheet ; ADR Stipulation and Evaluation Instructions; Stipulation And Order To Appropriate Dispute Resolution

3. a. Party served: META PLATFORMS, INC., a Delaware Corporation
   b. Person served: Lynanne Gares, Litigation Management, Corporation Service Company, Registered Agent

4. Address where the party was served: 251 Little Falls Dr, Wilmington, DE 19808

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): Wed, Mar 09 2022 (2) at (time): 11:55 AM
   (1) [X] (business)
   (2) [ ] (home)
   (3) [ ] (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as occupant.
   d. [X] On behalf of (specify): META PLATFORMS, INC., a Delaware Corporation
   under the following Code of Civil Procedure section:
   [X] 416.10 (corporation)           [ ] 415.95 (business organization, form unknown)
   [ ] 416.20 (defunct corporation)   [ ] 416.60 (minor)
   [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
   [ ] 416.40 (association or partnership)       [ ] 416.90 (authorized person)
   [ ] 416.50 (public entity)         [ ] 415.46 (occupant)
   [ ] other:

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE SUMMONS

6784764
(4919078)
Page 1 of 2

| Attorney or Party without Attorney:<br>DAVID R. FISHER (SBN 119773)<br>FISHER & WOLFE, LLP<br>9401 Wilshire Blvd., Suite 640<br>Beverly Hills, California, 90212<br>   Telephone No: 310-278-4300<br><br>   Attorney For: Plaintiff BANGERBUDDY, LLC | | Ref. No. or File No.: | | | For Court Use Only |
|---|---|---|---|---|---|
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>FOR THE COUNTY OF SAN MATEO, SOUTHERN BRANCH | | | | | |
| Plaintiff: BANGERBUDDY, LLC, a New Jersey Limited Liability Company<br>Defendant: INSTAGRAM, LLC, a Delaware Limited Liability Company; et al. | | | | | |
| **PROOF OF SERVICE SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>22-CIV-00931 | |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
    a. Name: John Garber
    b. Address: **FIRST LEGAL**
       1517 W. Beverly Blvd.
       LOS ANGELES, CA 90026
    c. Telephone number: (213) 250-1111
    d. **The fee** for service was: $100.95
    e. I am:
       (1) [X] not a registered California process server.
       (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
       (3) [ ] a registered California process server:
           (i) [ ] owner [ ] employee [ ] independent contractor
           (ii) Registration No:
           (iii) County:

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

03/09/2022
(Date)                                                                                   John Garber



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

6784764
(4919078)
Page 2 of 2

Page 19